IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE STITH,

    Petitioner,               No. CIV S-04-1395 DFL KJM P

    vs.

MICHAEL HARRISON,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1    The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

    A review of petitioner's application for writ of habeas corpus discloses that petitioner does not appear to have exhausted state court remedies with respect to all of his claims. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Good cause appearing, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
    Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases,

1     Petitioner has requested the appointment of counsel.  There currently exists no
2 absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d
3 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
4 any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing
5 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
6 served by the appointment of counsel at the present time.
7     In accordance with the above, IT IS HEREBY ORDERED that:
8     1. Petitioner's petition for a writ of habeas corpus is dismissed.
9     2. Petitioner is granted thirty days from the date of this order to file an amended
10 petition raising only exhausted claims.  Failure to comply with this order will result in a
11 recommendation that this action be dismissed without prejudice.
12     3. Petitioner's request for the appointment of counsel is denied.
13 DATED: May 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1 stit1395.103.mix

---

the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

    Although this court has no obligation to provide further information to petitioner, it exercises its discretion to point petitioner to a procedure that may be available to him after he files an amended petition.  Namely, he may be able to ask the court to hold that petition in abeyance pending exhaustion of state court remedies as to any previously unexhausted claims.  The stay and abeyance procedure is discussed in the case of <u>Ford v. Hubbard</u>, 330 F.3d 1086 (9th Cir. 2003), recently vacated and remanded by the U.S. Supreme Court.  <u>See</u> <u>Pliler v. Ford</u>, 542 U.S. 225 (2004) (while not addressing propriety of stay and abeyance procedure, discussing procedure and holding that district courts are not required to provide pro se litigants with stay and abeyance warnings).  The availability of the procedure may be affected by a decision in another case currently pending before the U.S. Supreme Court.  <u>See</u> <u>Felix v. Mayle</u>, 379 F.3d 612 (9th Cir. 2004), <u>cert</u>. <u>granted</u>, ___ U.S. ___, 125 S. Ct. 124 (2005).  Petitioner may wish to conduct his own independent research in order to determine whether seeking a stay and abeyance of any amended petition might be appropriate.

3